UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x

HERBERT FOSTER,

          Plaintiff,

     -against-

RASKIN & KREMINS, LLP.
ATTORNEYS AT LAW,

          Defendant.
---------------------------------------------------------x

MEMORANDUM AND ORDER
05-CV-3963 (DGT)

TRAGER, United States District Judge:

Plaintiff, files this action *pro se* alleging that his civil rights were violated. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, but dismisses the complaint for the following reasons.

## BACKGROUND

Plaintiff states that:

This civil rights suit is pointed directly towards the incumbent attitude that these attorneys displayed towards me during their inadequate procedures of representation and unethical behavior of maliscous [sic] conduct into the proper of the authenticity of this case.

Complaint at 1. Plaintiff further alleges that the defendant sent him to "doctors and chiropractors that hold [him] entirely responsible for monetary damages." Complaint at 3. Plaintiff requests $100,000 in damages.

## DISCUSSION

In reviewing plaintiff's complaint, the Court is mindful that because plaintiff is proceeding *pro se*, his submissions should be held "to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980); McEachin v. McGuinnis, 357 F.3d 197 (2d Cir. 2004). However, under 28 U.S.C. § 1915 (e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on

1

which relief can be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

"Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights [have been violated] must first establish that the challenged conduct constitutes 'state action.'" Ciambriello v. County of Nassau, 292 F.3d 307, 323 (2d Cir. 2002) (citations omitted). Moreover, it is well-settled, that private attorneys do not act under color of state law and are not state actors simply by virtue of their state-issued licenses to practice law. See, e.g., Rodriguez v. Weprin, 116 F.3d 62, 65-66 (2d Cir. 1997) (private attorney not a state actor law by virtue of his appointment by the court to represent a defendant in a state criminal proceeding); Agron v. Douglas W. Dunham, Esq. & Assocs., No. 02 Civ.10071, 2004 WL 691682, at *3 (S.D.N.Y. Mar. 31, 2004) ("It is well-established that as a matter of law a private attorney is not a state actor."). Plaintiff's claims against these defendants thus fails to state a claim upon which relief can be granted. This Court offers no opinion as to whether plaintiff may have a cognizable malpractice or negligence claim in state court.

## CONCLUSION

Accordingly, as plaintiff seeks to bring a civil rights action against private parties, the action is dismissed for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915 (e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

DAVID G. TRAGER
United States District Judge

Dated: Brooklyn, New York
August 29, 2005

2